FILED

2012 OCT 25  PM 3: 30

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES –

BY _____

PLEASE CONFORM

1  K&L GATES LLP
   10100 Santa Monica Blvd., 7th Floor
2  Los Angeles, CA 90067
   Telephone: (310) 552-5000
3  Facsimile: (310) 552-5001
   Seth A. Gold (SBN 163220)
4  seth.gold@klgates.com
   Christina N. Goodrich (SBN 261722)
5  christina.goodrich@klgates.com

6  Attorneys for Plaintiffs
   Avid Life Media, Inc., Avid Dating Life,
7  Inc. dba Ashley Madison, and
   Established Men, Inc.

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11 AVID LIFE MEDIA, INC., an Ontario     Case No. CV12-9201 –DDP
   corporation, AVID DATING LIFE, INC.,                        (AJWx)
12 an Ontario corporation dba ASHLEY
   MADISON, and ESTABLISHED MEN,
13 INC., an Ontario corporation,          COMPLAINT FOR BREACH OF
                                          WRITTEN CONTRACT,
14            Plaintiffs,                 DEFAMATION, AND
                                          DECLARATORY RELIEF
15      vs.
                                          DEMAND FOR JURY TRIAL
16 INFOSTREAM GROUP, INC., dba
   SeekingArrangement.com and
17 WhatsYourPrice.com, a Nevada
   corporation, LEAD WEY aka BRANDON
18 WADE, and DOES 1 through 10 inclusive,

19            Defendant

20

21

22

23

24

25

26

27

28

LA-525144 v1

COMPLAINT

Plaintiffs Avid Life Media, Inc., Avid Dating Life, Inc. dba Ashley Madison, and Established Men, Inc. (collectively, "Plaintiffs"), for their complaint against defendants Infostream Group, Inc. dba SeekingArrangement.com and WhatsYourPrice.com, a Nevada corporation ("Infostream") and Lead Wey aka Brandon Wade ("Lead Wey") (collectively, "Defendants") allege as follows:

## NATURE OF ACTION

1.      Plaintiffs are leading social entertainment companies, which operate popular dating brands and communities on the Internet.  Among other things, Avid Dating Life, Inc. owns and operates the well-known online dating service "Ashley Madison," which is designed to facilitate discreet adult relationships in an online environment with the possibility that the online relationship will mature into a physical meeting.  Ashley Madison has millions of members and its website, <ashleymadison.com>, receives approximately 72 million United States visitors each year.  Ashley Madison has spent millions of dollars designing its websites, fine-tuning its business model, and advertising its services in the United States and around the world, in order to create a positive image of the company, service, brand awareness, and a loyal consumer base.

2.      Defendants have breached contractual obligations to Plaintiffs through public, disparaging statements in, *inter alia*, a separate litigation pending the Northern District of California.  Defendants have also defamed Plaintiffs through separate and independent acts, which were not part of that Northern District litigation.  By this civil action, Plaintiffs now seek damages and injunctive relief for the Defendants' breaches of their contractual obligations and separate wrongful conduct.

## THE PARTIES

3.      Plaintiff Avid Life Media, Inc. ("Avid Life") is a corporation organized and existing under the laws of Ontario, Canada and owns various companies that are in the business of operating online dating websites.

4.      Plaintiff Avid Dating Life, Inc. dba Ashley Madison ("Ashley Madison"), which is owned by Avid Life, is a corporation organized and existing under the laws of Ontario, Canada and is regularly engaged in the business of operating the online dating website www.ashleymadison.com.

5.      Plaintiff Established Men, Inc. ("EMI"), which is owned by Avid Life, is a corporation organized and existing under the laws of Ontario, Canada and regularly engaged in the business of operating online dating websites, including www.arrangementfinders.com and (formerly) www.arrangementseekers.com.

6.      Upon information and belief, Infostream is a Nevada corporation, is a citizen of the state of Nevada, and is regularly engaged in the business of operating online dating websites, such as WhatsYourPrice.com and SeekingArrangement.com.

7.      Upon information and belief, Lead Wey is an individual who is a citizen of the state of Nevada and is the founder, president, and CEO of Infostream.

8.      On information and belief, the actions alleged herein to have been undertaken by defendants were undertaken by each defendant individually, were actions that each defendant caused to occur, were actions that each defendant authorized, controlled, directed, or had the ability to authorize, control, or direct, and/or were actions in which each defendant assisted, participated, or otherwise encouraged, and are actions for which each defendant is liable.  On information and belief, each defendant aided and abetted the actions of the defendants set forth below; in particular, each defendant had knowledge of those actions and provided assistance and benefitted from those actions, in whole or in part.  Each defendant was the agent of the other Defendants, and in engaging in the conduct alleged herein, was acting within

the course and scope of such agency and with the permission and consent of each and every one of the other defendants.

9.    Plaintiffs are currently unaware of the identities of defendants Does 1-10 and therefore sue such defendants by such fictitious pseudonyms.  Plaintiffs are informed and believe, and on that basis allege, that discovery will reveal the true identities of those defendants and then will amend this Complaint to identify those defendants by name after such discovery.

## JURISDICTION AND VENUE

10.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a), as complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiffs are citizens or subjects of Ontario, Canada.  Defendants are citizens of the state of Nevada.

11.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

12.    This Court has personal jurisdiction over Defendants, who have directed tortious acts at Plaintiffs in this District, and have committed tortious acts that they knew or should have known would cause injury to Plaintiffs in this District. Plaintiffs have also breached a contract wherein performance and breach occurred in, and/or had a substantial effect in, this District.

13.    Defendants' contacts with this District are systematic and continuous. On information and belief, Defendants are targeting, among others, California consumers, in order to drive those consumers to their internet websites, including www.seekingarrangement.com and WhatsYourPrice.com, in order to augment their consumer base.  Defendants also have initiated, and made general appearances in, litigation in California.

14.    Upon information and belief, Defendants' websites are not passive websites, but rather are an interactive websites where members subscribe, create

personal profiles, and can interact—including sending messages—to other members of Defendants' websites.

15.     On information and belief, Defendants' websites allow for residents of this District to subscribe to Defendants' services, to create personal profiles, and to browse the profiles of other members who reside in this District—ostensibly to facilitate those members to engage in relationships.  On information and belief, in response to inquiries from consumers who visit Defendants' websites and wish to contact persons in this District for a relationship, Defendants websites displays the profiles, or portions of the profiles, of Defendants' members who Defendants represent reside in this District.

16.     On information and belief, Defendants allow their members to pay for Defendants' services offered through their websites by making payments using all major credit cards and other methods.  On information and belief, consumers who reside in this District have made payments to Defendants for services offered through Defendants' websites.

## FACTUAL ALLEGATIONS

### Plaintiffs' Businesses

17.     Plaintiffs are leading social entertainment companies, which operate popular dating brands and communities on the Internet.  Among other things, Avid Dating Life, Inc. owns and operates the well-known online dating service "Ashley Madison," which is designed to facilitate discreet adult relationships in an online environment with the possibility that the online relationship will mature into a physical meeting.  Ashley Madison has millions of members and its website, <ashleymadison.com>, receives approximately 72 million United States visitors each year.  Ashley Madison has spent millions of dollars designing its websites, fine-tuning its business model, and advertising its services in the United States and around the world, in order to create a positive image of the company, service, brand awareness, and a loyal consumer base.

COMPLAINT

18.     Ashley Madison has designed/developed and is the owner of a unique and famous trade dress for the website located at the uniform resource locator www.ashleymadison.com, which is the internet homepage for the Ashley Madison dating service.  Attached hereto as Exhibit A is a copy of a print out reflecting the home page trade dress of www.ashleymadison.com.  (Referred to herein as the "Trade Dress.")

19.     Ashley Madison's Trade Dress is non-functional.  Specifically, the choice of the layout, design, and graphics, in particular the depiction of a woman with her finger near her sealed lips is not set forth in a manner designed to achieve a particular utility.

20.     Ashley Madison's Trade Dress is inherently distinctive and has acquired secondary meaning.  The website on which the Ashley Madison Trade Dress is displayed averages approximately 7.9 million unique visitors per month and receives approximately 72 million United States visitors each year.  The Ashley Madison service has millions of members.  In addition, the Ashley Madison Trade Dress is displayed on print, internet, and billboard advertisements and the subject of unsolicited major media attention throughout the United States.

21.     The Ashley Madison Trade Dress possesses substantial national brand recognition and awareness amongst the general public as a result of Ashley Madison's extensive public relations and advertising efforts.  Such efforts include but are not limited to the following: approximately $5 million spent on advertising on Howard Stern's radio program who on information and belief has approximately 6 to 12 million weekly listeners; television commercial advertising on the cable channel Comedy Central, which channel on information and belief reaches approximately 90 million American homes; in excess of 15 million dollars per year spent on these efforts.  The Ashley Madison service also has received substantial unsolicited media attention, further strengthening the Ashley Madison Trade Dress.  Such media attention includes but is not limited to references to the Ashley Madison Trade Dress on the Jay Leno

5

**COMPLAINT**

Show, on the Conan, in USA Today, in Yahoo News, on The View, on the Jim Rome radio show, in the New York Post, in the Washington Post, on CNN Headline News, and in Bloomberg Business Week, which publication on information and belief has in excess of 1,000,000 in hard copy circulation in addition to its large internet presence.

22.     As a result of these, among other facts, a substantial segment of the consuming public makes a mental association between Ashley Madison's Trade Dress—particularly including the photograph of a woman with her finger near her sealed lips—and the source of that service.

23.     Plaintiff EMI operates the online dating service www.arrangementfinders.com, which is designed to facilitate men and women entering into mutually beneficial social arrangements.

**Defendants' Businesses**

24.     Defendants operate the dating websites known as WhatsYourPrice.com and SeekingArrangement.com.  Defendants describe WhatsYourPrice.com as an "online dating website and marketplace established in March 2011 that allows members to buy and sell the opportunity of going out on a first date."  Defendants describe SeekingArrangement.com as a website that "promotes mutually beneficial relationships between members who are referred to as either sugar daddy, sugar mommy or sugar baby users."

25.     Unlike Plaintiffs' websites, Defendants' websites, like WhatsYourPrice.com, encourage and enable their members to bid on dates with other members.

**Plaintiffs' and Defendants' Prior Litigation and Settlement Agreement**

26.     On July 14, 2010, Infostream filed a lawsuit against Avid Life, Ashley Madison, and EMI in the United States District Court for the Central District of California, Case Number CV 10-5166 VBF (FMOx) ("Underlying Litigation") in which Infostream asserted claims for, *inter alia*, trademark infringement and unfair competition.

27.     In its Complaint in the Underlying Litigation, Infostream expressly associated the entity "Avid Dating Life, Inc." with the Ashley Madison brand, Ashley Madison service, and Ashley Madison website, located at www.ashleymadison.com.

28.     Ashley Madison and EMI filed counterclaims against Infostream in the Underlying Action, in which they alleged cancellation of Infostream's trademark, trademark infringement, and unfair competition.

29.     On or about September 27, 2011, Avid Life, Ashley Madison, and EMI, on the one hand, and Defendants, on the other hand, entered into a confidential written settlement agreement ("Agreement"), which resolved the entire Underlying Litigation, as well as an action that Ashley Madison commenced against Infostream in Canada.

30.     The Agreement is confidential and contains a mutual non-disparagement clause.

**Defendants Breach the Agreement**

31.     Beginning at the latest in January 2012, after the parties executed the Agreement, Defendants materially breached the Agreement.

32.     On or about January 13, 2012, Defendants filed a complaint ("Complaint") against PayPal, Inc. ("PayPal") in the Santa Clara County Superior Court, Case Number 112 CV 216755 ("PayPal Litigation"). On February 15, 2012, PayPal removed the PayPal Litigation to the United States District Court for the Northern District of California, where it was assigned Case Number 5:12-CV-00748-HRL. On or about April 26, 2012, Defendants filed their First Amended Complaint ("FAC').

33.     Defendants have materially breached their obligations of confidentiality and to refrain from making disparaging statements as to all Plaintiffs' under the Agreement by, *inter alia*, disclosing a term in the Agreement in Footnote 1 of the Complaint  and in the FAC in the PayPal litigation and by making and causing to be made the statements about Plaintiffs' business, reputation, website, and/or services in Paragraphs 4, 26, 32, and 33 of the Complaint and Paragraphs 41 and 55 of the FAC in

7

**COMPLAINT**

the PayPal litigation. Those statements, among other things, falsely accuse Plaintiffs of running the same types of businesses as Defendants' businesses, of engaging in illegal conduct, and of facilitating antitrust violations.

34.     In addition, Defendants have materially breached their obligations to refrain from making disparaging statements as to EMI under the Agreement by, *inter alia*, making and causing to be made the implications and statements specifically about EMI's business, reputation, websites, and/or services in Paragraphs 28, 29, 20, and 35 of the Complaint and Paragraphs 60, 61, and 62 of the FAC in the PayPal litigation. Those statements, among other things, falsely accuse Plaintiffs of running the same types of businesses as Defendants' businesses.

35.     In addition, Defendants have materially breached their obligations to refrain from making disparaging statements as to Ashley Madison under the Agreement by, *inter alia*, making and causing to be made the implications and statements specifically about Ashley Madison's business, reputation, website, and/or services in Paragraphs 27 and 35 of the Complaint and Paragraphs 18, 38, 54, 56, 57, 58, and 59 of the FAC in the PayPal litigation. Those statements, among other things, falsely accuse Plaintiffs of running the same types of businesses as Defendants' businesses, of engaging in illegal conduct, and of facilitating antitrust violations.

36.     Defendants' implications and statements were repeated and publicized by the press, thereby injuring Plaintiffs' reputation and resulting in further breaches of the Agreement.

37.     In addition to the above, Defendants breached the Agreement as to Ashley Madison by, *inter alia*, displaying the SeekingArrangement.com website. Attached hereto as Exhibit B is a copy of a screen shot of a web page that, on information and belief, Defendants were using at least as of September 28, 2012 at the www.SeekingArrangement.com uniform resource locator.

///

///

**Ashley Madison's Efforts To Resolve The Matter**

38.     On September 6, 2012, Avid Life and Ashley Madison gave notice to Defendants, through their counsel, that they breached the Agreement generally in the manner discussed above, citing to specific examples.  Avid Life and Ashley Madison demanded, among other things, that Defendants immediately cease their activity. Defendants did not respond to the September 6, 2012 letter.

**Defendant' Further Breach**

39.     Notwithstanding the Agreement and the September 6, 2012 letter, in a September 18, 2012 interview of defendant Lead Wey aka Brandon Wade by Sramana Mitra, which was published on www.sramanamitra.com in an article entitled *Playing with Love to $10M: SeekingArrangement Founder Brandon Wade*, Lead Wey falsely stated that "[w]e have sued a huge company, Ashley Madison, in federal court for infringing on our trademark. The fact that we are building such a brand implies that we need to protect it. We were successful in stopping them from using a website that was too similar to ours."  Such statement constitutes an additional material breach of the Agreement as to Ashley Madison, because it is false and disparaging.

**Ashley Madison's Additional Effort to Resolve the Matter**

40.     On October 1, 2012, Plaintiffs gave additional notice to Defendants, through their counsel, of their breach of the Agreement as described in the manner discussed above, citing to specific examples. Plaintiffs demanded, among other things, that Defendants immediately cease their activity.

41.     Defendants failed to substantively respond to the October 1, 2012 letter. In addition, Defendants have not taken any material remedial action in response to either the September 6, 2012 letter or the October 1, 2012 letter.

## FIRST CAUSE OF ACTION

(Breach of Written Contract asserted by all Plaintiffs against all Defendants)

42.     Plaintiffs hereby incorporate by reference as though fully set forth herein, paragraphs 1-41, inclusive.

43.   As set forth in paragraph 29 above, Plaintiffs and Defendants entered into the Agreement.

44.   Plaintiffs have duly performed all covenants, promises, and conditions required under the Agreement, except any that were excused by Defendants' breaches and/or other conduct.

45.   Defendants have materially breached their obligations of confidentiality and to refrain from making disparaging statements as to all Plaintiffs under the Agreement by, *inter alia*, engaging in the conduct as set forth in paragraph 33, above.

46.   Defendants have materially breached their obligations to refrain from making disparaging statements as to EMI under the Agreement by, *inter alia*, engaging in the conduct as set forth in paragraph 34, above.

47.   Defendants have materially breached their obligations to refrain from making disparaging statements as to Ashley Madison under the Agreement by, *inter alia*, engaging in the conduct as set forth in paragraph 35 above.  Upon information and belief, Defendants engaged in the above-described conduct with respect to the Ashley Madison service and ashleymadison.com with malice because they knew that the service and website are not directly in the same online dating market as Defendants in that they do not primarily market themselves as a sugar daddy/sugar baby dating service, like Defendants' websites.

48.   Defendants' wrongful conduct in breach of the Agreement is based on promises in the Agreement which are separate from and independent of the PayPal litigation, to which Plaintiff is not a party.

49.   As a direct and proximate result of Defendants' breach of contract, Plaintiffs have suffered damages in excess of $1,000,000, plus consequential damages, in an amount to be proven at trial, and attorneys' fees and costs.

50.   As a direct and proximate result of Defendants' breach of contract, Plaintiffs have also suffered irreparable harm and seek specific performance and/or an

interim, interlocutory and permanent injunction to enforce compliance with the Agreement.

## SECOND CAUSE OF ACTION

(Defamation asserted by Ashley Madison against all Defendants)

51.    Plaintiffs hereby incorporate by reference as though fully set forth herein, paragraphs 1-50, inclusive, except those allegations concerning Defendants' conduct in the PayPal Litigation, which comprise paragraphs 32-36.

52.    As set forth in the foregoing paragraphs, except for any allegations concerning Defendants' comments, conduct, statements, suggestions, and allegations in the PayPal Litigation, Defendants, and each of them have published non-privileged, written and oral, and false or misleading factual statements, words, names, and/or symbols to members of the public regarding Plaintiffs.  Such false or misleading publications include, but are not limited to, the September 18, 2012 interview of Lead Wey aka Brandon Wade by Sramana Mitra, which was published on a publicly accessible website, located at www.sramanamitra.com, in an article entitled *Playing with Love to $10M: SeekingArrangement Founder Brandon Wade*, Lead Wey stated that "[w]e have sued a huge company, Ashley Madison, in federal court for infringing on our trademark. The fact that we are building such a brand implies that we need to protect it. We were successful in stopping them from using a website that was too similar to ours."

53.    Defendants' statements were false because Defendants were not successful in any litigation with Ashley Madison for infringing Defendants' trademark and Defendants were not successful in any litigation with Ashley Madison by stopping Ashley Madison from "using a website that was too similar to" Defendants' website.

54.    Defendants' statements are libel *per se*.  The statements clearly expose Ashley Madison to hatred, contempt, ridicule, and obloquy because Defendants stated that they successfully sued Ashley Madison for trademark infringement and were able to prohibit them from "using a website that was too similar to" Defendants' website.

COMPLAINT

Such statement was per se false because it contradicts the Agreement, which the Parties entered into "without admitting wrongdoing."

55.     Defendants' statements also constitute defamation in that they imply that Ashley Madison engaged in unlawful, unfair, and improper conduct by using Defendants' trademarks and similar websites which Plaintiff has at all times and continues to deny pursuant to the Agreement.

56.     In making the false statements, Defendants misrepresented the nature, characteristics, and qualities of Ashley Madison and thereby injured Ashley Madison's good business reputation, by (among other reasons) deterring persons and entities from dealing with it.

57..    As a proximate result of all of the foregoing conduct of Defendants, Ashley Madison has suffered pecuniary loss due to the loss of customers and the failure to obtain new customers.  As a result of all of Defendants' conduct as alleged herein, Ashley Madison has been damaged in an amount not presently known but which Ashley Madison is informed and believes, and based thereon alleges, to be in excess of $1 million.  Ashley Madison will seek leave of Court to amend this Complaint upon ascertaining the precise amount of said damages and to add examples of additional wrongful conduct.

58.     As a proximate result of their defamatory publication, Defendants have obtained monies and other profits and unjust enrichment, which amounts should be disgorged to the extent that such amounts are not taken into account in computing damages for actual loss.

59.     Defendants will continue to engage in the improper, unfair and unlawful conduct previously alleged unless and until enjoined by order of this Court.

60.     By engaging in the conduct previously alleged, Defendants, and each of them, acted fraudulently, despicably, and maliciously and with the deliberate intent to injure Ashley Madison's business and improve their own in that they made knowingly false statements with the intent of harming Ashley Madison.  Pursuant to Civil Code §

3294, Ashley Madison is entitled to recover exemplary and punitive damages against Defendants, and each of them, in an amount sufficient to punish them and to deter them from engaging in future similar conduct.

## THIRD CAUSE OF ACTION

(Declaratory Relief asserted by all Plaintiffs against all Defendants)

61.   ˙ Plaintiffs hereby incorporate by reference as though fully set forth herein, paragraphs 1-60, inclusive.

62.   An actual, present and justifiable controversy now exists between Plaintiffs and Defendants with respect to Plaintiffs' rights and Defendants' duties under the Agreement.  Plaintiffs contend, *inter alia*, that Defendants are obligated to comply with the terms of the Agreement, including, *inter alia*, its confidentiality and non-disparagement clause.

63.   Plaintiffs are informed and believe, and on that basis allege, that Defendants dispute the aforesaid contentions and contends otherwise.

64.   Plaintiffs are now entitled to a declaration of their rights and Defendants' duties under the Agreement.

## PRAYER FOR RELIEF

### Against all Defendants And For All Causes of Action

WHEREFORE, Plaintiffs pray for judgment against Defendants and Does 1 through 20, inclusive, and each of them, as follows:

### On the First Cause of Action, For Breach of Contract

A.   For compensatory damages in excess of $1,000,000.00, according to proof;

B.   For such other damages as are available under the law and the Agreement, including consequential damages, according to proof;

C.   For attorneys' fees and related expenses and costs incurred herein;

D.   For specific performance and/or an interim, interlocutory, and permanent injunction to enforce compliance with the Agreement in a manner that affords

13

**COMPLAINT**

Plaintiffs the benefit of the bargain under the Agreement, along with any other relief available; in particular, Plaintiffs request a preliminary and permanent injunction requiring Defendants to immediately cause the Santa Clara Superior Court for the State of California and the United States District Court for the Northern District of California to place the objectionable portions of the Complaint and FAC in the PayPal Litigation, and all other disparaging or negative material, redacted and/or under seal and/or cause the publication of a retraction in every form of media where such disparagement or negative comment was published and comply with all other provisions of which the Court finds Defendants have breached.

### On the Second Cause of Action, For Defamation

A.     For compensatory, punitive, exemplary damages, and costs;

### On the Third Cause of Action, For Declaratory Relief

A.     For a declaration of the parties' rights, duties, and obligations under the Agreement;

### On all Cause of Action

A.     For all costs of suit;

B.     For pre- and post-judgment interest in accordance with law, on all causes of action;

C.     For such other and further relief as this Court deems just and proper.


K&L GATES LLP


Dated:  October 25, 2012          By: _____
                                       Seth A. Gold
                                       Christina N. Goodrich

                                       Attorneys for Plaintiffs Avid Life
                                       Media, Inc., Avid Dating Life, Inc.
                                       and Established Men, Inc.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY DEMAND**

Plaintiffs Avid Life Media, Inc. Avid Dating Life, Inc. dba Ashley Madison, and Established Men, Inc. hereby demand a jury trial for all issues triable by a jury.

K&L GATES LLP

Dated:  October 25, 2012                    By: _____

Seth A. Gold
Christina N. Goodrich

Attorneys for Plaintiffs Avid Life
Media, Inc., Avid Dating Life, Inc.
and Established Men, Inc.

# EXHIBIT A



16

# EXHIBIT B

Social Sugar   Like  2.7k   Follow  Q  +1   Pin it   Press  FAQ  Login

SeekingArrangement®

What's An Arrangement?   How It Works   Join Now

The Elite Sugar Daddy Dating Site for those Seeking
## Mutually Beneficial Relationships ®

### The Modern Daddy
You are always respectful and generous. You only live once, and you want to date the best. Some call you a mentor, sponsor or benefactor. But no matter what your desires may be, you are brutally honest about who you are, what you expect and what you offer.

Browse Sugar Daddies >

Click Here To Join For Free

### Goal Seeking Sugar Baby
Attractive, intelligent, ambitious and goal oriented. Sugar Babies are students, actresses, models or girls & guys next door. You know you deserve to date someone who will pamper you, empower you, and help you mentally, emotionally and financially.

Browse Sugar Babies >

es  Forbes  THE WALL STREET JOURNAL  CNN  THE HUFFINGTON POST  20/20  VANITY FAIR  Phil  DrDREW  MSNBC  CBS  PI

## The Sugar Daddy Blog
The Latest And Greatest In The Sugar Daddy World

### Entering a Sugar Arrangement
Posted in discussion

There are tens of thousands of Sugar Babies in the world. Even more is the growing number of new Sugar Babies looking for their first Sugar Daddies. Having a Sugar Daddy brings wonders into a girl's life, but the Sugar Dating world can also be both confusing and scary.

### Don't Judge a Book by Its Cover

Every Sugar Baby has her fantasy checklist of what her ideal Sugar Daddy would be like. You should never judge a book by its cover, and disregard a man either by his age or even his income. What you
Read More

### Connect With The "In" Crowd

CONNECTING WITH THE  amazon.com

In his latest book Wade explains how to find and connect with millionaires, and how to maximize the potential of these relationships. Buy The Book Here.

### Read The Book

Seeking Arrangement  amazon.com

17

EXHIBIT B

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

**CV12- 9201 DDP  (AJWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Seth A. Gold (SBN 163220) seth.gold@klgates.com
Christina N. Goodrich (SBN 21722) christina.goodrich@klgates.com
K&L GATES LLP, 10100 Santa Monica Blvd, 7th Floor
Los Angeles, California 90067
Phone: 310-552-5000 Fax: 310-552-5001

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVID LIFE MEDIA, INC., an Ontario corporation, <br> (SEE ATTACHED) <br><br> PLAINTIFF(S) <br><br> v. <br><br> INFOSTREAM GROUP, INC., dba SeekingArrangement.com and WhatsYourPrice.com, a Nevada corporation, LEAD WEY aka BRANDON WADE, and Does 1 through 10, inclusive <br><br> DEFENDANT(S) . | CASE NUMBER <br><br> CV12-9201 -DDP (AJWx) <br><br> SUMMONS |

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within   21   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [X] complaint [ ] _____ amended complaint [ ]counterclaim[ ]cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Seth A. Gold and Christina N. Goodrich , whose address is 10100 Santa Monica Boulevard, 7th Floor, Los Angeles, CA 90067 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   OCT 2 5 2012

By:

MARILYN DAVIS

Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

## **ATTACHMENT TO SUMMONS**

## **ADDITIONAL PLAINTIFFS**

AVID DATING LIFE, INC., an Ontario corporation dba ASHLEY MADISON, and
ESTABLISHED MEN, INC., an Ontario corporation

PLEASE CONFORM

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself □)

AVID LIFE MEDIA, INC., an Ontario corporation, AVID DATING LIFE, INC., an Ontario corporation dba ASHLEY MADISON, and ESTABLISHED MEN, INC., an Ontario corporation

**DEFENDANTS**

INFOSTREAM GROUP, INC., dba SeekingArrangement.com and WhatsYourPrice.com, a Nevada corporation, LEAD WEY aka BRANDON WADE, and DOES 1 through 10

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Seth A. Gold (SBN 163220) seth.gold@klgates.com
Christina N. Goodrich (SBN 261722) christina.goodrich@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard, 7th Floor
Los Angeles, California 90067
Telephone: 310-552-5000 Fax: 310-552-5001

Attorneys (If Known)

Mark L. Smith (SBN 213829) mls@clydesnow.com
CLYDE SNOW & SESSIONS
10990 Wilshire Boulevard, 4th Floor
Los Angeles, California 90024
Telephone: 424-672-4815 Fax: 424-672-4816

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

□ 1 U.S. Government Plaintiff
□ 3 Federal Question (U.S. Government Not a Party)

□ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
□ 2 Removed from State Court
□ 3 Remanded from Appellate Court
□ 4 Reinstated or Reopened
□ 5 Transferred from another district (specify):
□ 6 Multi-District Litigation
□ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes □ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** □ Yes ☒ No
☒ MONEY DEMANDED IN COMPLAINT: $ 1,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C Section 1332 - Plaintiffs allege claims for breach of written contract, defamation and declaratory relief.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | □ 370 Other Fraud | □ 510 Motions to Vacate Sentence Habeas Corpus | □ 710 Fair Labor Standards Act | |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 371 Truth in Lending | □ 530 General | □ 720 Labor/Mgmt. Relations | |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 380 Other Personal Property Damage | □ 535 Death Penalty | □ 730 Labor/Mgmt. Reporting & Disclosure Act | |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | □ 330 Fed. Employers' Liability | □ 385 Property Damage Product Liability | □ 540 Mandamus/ Other | □ 740 Railway Labor Act | |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 340 Marine | BANKRUPTCY | □ 550 Civil Rights | □ 790 Other Labor Litigation | |
| □ 470 Racketeer Influenced and Corrupt Organizations | □ 151 Medicare Act | □ 345 Marine Product Liability | □ 422 Appeal 28 USC 158 | □ 555 Prison Condition | □ 791 Empl. Ret. Inc. Security Act | |
| □ 480 Consumer Credit | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 350 Motor Vehicle | □ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS | |
| □ 490 Cable/Sat TV | | □ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | □ 610 Agriculture | □ 820 Copyrights | |
| □ 810 Selective Service | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 360 Other Personal Injury | □ 441 Voting | □ 620 Other Food & Drug | □ 830 Patent | |
| □ 850 Securities/Commodities/ Exchange | □ 160 Stockholders' Suits | □ 362 Personal Injury-Med Malpractice | □ 442 Employment | □ 625 Drug Related Seizure of Property 21 USC 881 | □ 840 Trademark | |
| □ 875 Customer Challenge 12 USC 3410 | □ 190 Other Contract | □ 365 Personal Injury-Product Liability | □ 443 Housing/Acco-mmodations | | SOCIAL SECURITY | |
| □ 890 Other Statutory Actions | □ 195 Contract Product Liability | □ 368 Asbestos Personal Injury Product Liability | □ 444 Welfare | □ 630 Liquor Laws | □ 861 HIA (1395ff) | |
| □ 891 Agricultural Act | □ 196 Franchise | IMMIGRATION | □ 445 American with Disabilities - Employment | □ 640 R.R. & Truck | □ 862 Black Lung (923) | |
| □ 892 Economic Stabilization Act | REAL PROPERTY | □ 462 Naturalization Application | □ 446 American with Disabilities - Other | □ 650 Airline Regs | □ 863 DIWC/DIWW (405(g)) | |
| □ 893 Environmental Matters | □ 210 Land Condemnation | □ 463 Habeas Corpus-Alien Detainee | □ 440 Other Civil Rights | □ 660 Occupational Safety/Health | □ 864 SSID Title XVI | |
| □ 894 Energy Allocation Act | □ 220 Foreclosure | □ 465 Other Immigration Actions | | □ 690 Other | □ 865 RSI (405(g)) | |
| □ 895 Freedom of Info. Act | □ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS | |
| □ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | □ 240 Torts to Land | | | | □ 870 Taxes (U.S. Plaintiff or Defendant) | |
| □ 950 Constitutionality of State Statutes | □ 245 Tort Product Liability | | | | □ 871 IRS - Third Party 26 USC 7609 | |
| | □ 290 All Other Real Property | | | | | |

FOR OFFICE USE ONLY: Case Number: **CV12-9201**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
#### CIVIL COVER SHEET

**VIII(a).   IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [ X ] No   [  ] Yes

If yes, list case number(s):

**VIII(b).   RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [ X ] No   [  ] Yes

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   [  ] A. Arise from the same or closely related transactions, happenings, or events; or

[  ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[  ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[  ] D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX.  VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

[  ]  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Ontario, Canada |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

[  ]  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Nevada |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.

Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _SETH A. GOLD_   Date _10/25/12_

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |