**K&L GATES LLP**
10100 Santa Monica Boulevard
Seventh Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

Seth A. Gold (SBN 163220)
seth.gold@klgates.com
Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com

Attorneys for Plaintiffs and Counter-
Defendants Avid Life Media, Inc., Avid
Dating Life, Inc. dba Ashley Madison,
and Established Men, Inc.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVID LIFE MEDIA, INC., *et al.*,<br><br>    Plaintiffs,<br><br>  vs.<br><br>INFOSTREAM GROUP, INC., *et al.*,<br><br>    Defendant,<br>_____<br>and Related Counterclaims. | Case No. CV12-09201 DDP (AJWx)<br>[related to Case No. CV12-09315 DDP (AJWx)]<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, FOR RECONSIDERATION OF THE COURT'S NOVEMBER 12, 2013 ORDER ON DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE;**<br><br>Date:            December 30, 2013<br>Time:            10:00 a.m.<br>Courtroom:    3<br><br>[Assigned to the Honorable Dean D. Pregerson] |

# **TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION……..…...........................................................................1

II.   DEFENDANTS' FACTUAL HISTORY IS INACCURATE……………….….3

III.   AVID'S MOTION IS A PROPER MOTION FOR CLARIFICATION………....3

IV.   THE TITLE AND BODY OF THE ORDER ARE AMBIGUOUS…………….6

V.   THE COURT DID NOT ADDRESS ALL MATERIAL ISSUES
ON THE ANTI-SLAPP MOTION……………………………………………8

VI.   AVID'S REQUEST FOR CLARIFICATION SHOULD BE GRANTED…...…10

VII.   AVID'S REQUEST FOR RELIEF UNDER RULE 60(b) IS PROPER……….10

VIII.   AVID'S REQUEST FOR RECONSIDERATION IS PROPER……………..…10

IX.   CONCLUSION……………………………………………………….…...11

# TABLE OF AUTHORITIES

**CASES**

*Hilton v. Hallmark Cards,*
  599 F.3d 894 (9th Cir. 2010)……………………………………………6, 7, 8

*Hinton v. Pacific Enterprises,*
  5 F.3d 391 (9th Cir. 1993)……………………………………………………..10

*Metabolife Int'l., Inc. v. Wornick,*
  264 F.3d 832 (9th Cir. 2001)………………………………………………......2

*Rogers v. Home Shopping Network, Inc.,*
  57 F. Supp. 2d 973 (C.D. Cal. 1999)…………………………………………9

*Taylor v. Director, Office of Workers Compensation Program,*
  201 F.3d 1234 (9th Cir. 2000)………………………………………………..7

*Verizon Del., Inc. v. Covad Comm. Co.,*
  377 F.3d 1081 (9th Cir. 2004)………………………………………………...2

**RULES**

Fed. R. Civ. P. 12(b)(6)…………………………………………………*passim*
Fed. R. Civ. P. 56(d)……………………………………………………4, 9
Fed. R. Civ. P. 60(a)…………………………………………………......4, 5, 6
Fed. R. Civ. P. 60(b)……………………………………………………..10
Local Rule 7-18…………………………………………………………......10

**STATE STATUTES AND RULES**

Cal. Code Civ. Proc. § 425.16……………………………………………*passim*

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs and Counter-Defendants Avid Life Media, Inc. ("Avid Life"), Avid Dating Life, Inc. dba Ashley Madison ("Avid Dating" or "Ashley Madison"), and Established Men, Inc. ("EMI") (collectively, "Plaintiffs" or "Avid") respectfully submit this Reply Memorandum of Points and Authorities in support of their Motion for Clarification of the Court's November 12, 2013 Order on Defendants Infostream Group, Inc. ("Infostream") and Lead Wey aka Brandon Wade ("Lead Wey") (collectively, "Defendants") Motion to Dismiss and Motion to Strike, or in the Alternative, Motion for Reconsideration.

## I.      INTRODUCTION

In its November 12, 2013 order (the "Order"), after taking under submission Defendants' motion to dismiss under Rule 12(b)(6) **and** Defendants' motion to strike under California Code of Civil Procedure Section 425.16 (the "Anti-SLAPP Statute"), the Court dismissed three legal theories from Avid's complaint--the confidentiality portion of its contract claim, its defamation claim, and its declaratory relief claim.  The Order is titled "Order Granting Defendant's Motion to Dismiss and Motion to Strike In Part and Denying In Part and Granting Plaintiffs' Motion to Dismiss Fraud Counterclaim," Docket Entry ("DE") 98.  Notwithstanding the title and concluding sentence, the body of the Order addresses and dismisses the above-mentioned legal theories only in the context of analyzing Defendants' Rule 12(b)(6) Motion.  Further, the Order does not address several threshold issues pre-requisite to applying the Anti-SLAPP Statute.  Rather, when it addresses the Anti-SLAPP Motion, it states that, "[e]ven assuming...." the Anti-SLAPP Statute applies, certain claims are still dismissed and others survive.  These facts alone justify Avid's request for clarification of the Order such that its title and concluding sentence are revised to reflect dismissal pursuant to only the Rule 12(b)(6) Motion.  For the same reasons, Defendants' claim that Avid's request is "masquerading" as a motion for clarification but is really a request for reconsideration is misguided.

Indeed, Defendants' opposition illustrates that their interpretation of the Order as a grant of the Motion to Strike is inconsistent with Ninth Circuit law. The parties agree that the Anti-SLAPP Statute is designed to curb lawsuits that improperly chill constitutionally protected speech. As such, application of the statute depends upon an initial finding that the speech at issue is covered by the statute, which defines the type of speech that is "protected" and also provides a "commercial activity" exception to such speech. The Order does not address whether the speech at issue is protected under the statute, whether the commercial activity exception applies, or whether Avid is entitled to discovery or afforded leave to amend--issues raised in Avid's opposition to the Anti-SLAPP Motion.

Defendants' entire opposition nevertheless is based on the assertion that the Court *impliedly held* that the speech was protected under the statute, *impliedly held* the commercial activity exception did not apply, *impliedly denied* Avid's request for discovery on issues raised by the Anti-SLAPP Motion because it was based solely on a Rule 12(b)(6) standard, and *impliedly denied* Avid's request for leave to amend its complaint to allege facts showing the speech fell within the commercial activity exception. Thus, Defendants' interpretation of the Order only works if the Court employed a rule of law where a defendant who brings an Anti-SLAPP motion based on a Rule 12(b)(6) standard can deprive the plaintiff of its right to conduct discovery on fact issues relating to the statute's application or right to amend, even though it did not have an adequate chance to do either. Application of the statute in such a manner conflicts with Ninth Circuit precedent and federal rules of practice. *See Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, (9th Cir. 2001), and *Verizon Del., Inc. v. Covad Comm. Co.*, 377 F.3d 1081 (9th Cir. 2004). The Court likely did not apply the Anti-SLAPP Statute as Defendants propose and therefore clarification of the title and concluding sentence of the Order is warranted.

If the Court held that the Anti-SLAPP Statute did apply to bar some or all of the three above-mentioned legal theories, then Avid respectfully requests that the Court

2

reconsider that decision, because it does not appear that certain material facts relevant to the statute's application were considered.

## II.   DEFENDANTS' FACTUAL HISTORY IS INACCURATE

Defendants inaccurately argue that, after they "advised Avid that they would be filing a motion to strike pursuant to California's Anti-SLAPP Statute," Avid filed the First Amended Complaint but failed to amend in a manner that addressed the issues Defendants raised.  (Opp., 5:8-14.)  There is nothing in the record supporting their assertion that, prior to the filing of the First Amended Complaint, Defendants raised the issues that were addressed in Defendants' Anti-SLAPP Motion and upon which Avid now seeks clarification.  In fact, Avid successfully amended its complaint to streamline certain issues (removing a defendant to one of the claims) and to clarify certain aspects of its breach of contract claim.  (*See* Docket Entry ("DE") 22.)

## III.   AVID'S MOTION IS A PROPER MOTION FOR CLARIFICATION

Defendants argue that Avid's motion is not a motion for clarification but is a motion for reconsideration.  Defendants then refer to Avid's motion throughout their opposition solely as a motion for reconsideration, ostensibly in an attempt to create the impression that the Local Rule requirements for reconsideration apply to the entire motion.  This tactic not only is without basis, but it results in a misguided and vague opposition, because while Avid segregated the bases for each type of relief it requested (clarification or reconsideration) as set forth in its notice and memorandum, Defendants ignore the distinction in Avid's arguments.

As a preliminary matter, Defendants are simply wrong that Avid did not bring a motion for clarification.  Even Defendants' definition of "motions for clarification" shows that Avid's Motion for Clarification seeks exactly what such motions are designed to achieve: interpretation from the Court of certain language in the Order and a request for appropriate modification.  (Opp. at 6.)  Because the body of the Order did not address or rule on certain threshold issues whose determination was necessary to

3

apply the Anti-SLAPP Statute, the Motion seeks clarification with respect to how the title of the Order should be interpreted.  (*See, e.g.*, DE 104 at 5.)

Contrary to Defendants' argument, the Motion properly invokes Federal Rule of Civil Procedure 60(a), which allows the Court to correct a mistake in an order.  (DE 104 at 4-7.)  Avid of course defers to the Court regarding the intent of the Order and, specifically, the intent and meaning of the title and concluding sentence in the Order in light of the analysis and reasoning in the Order.  To support its request for clarification, however, Avid set forth sensible reasons it appears there may have been a mistake in those portions of the Order.  (*Id.*)  Most importantly, the only aspect of the Order that addressed application of the Anti-SLAPP Statute's protected activity prong, on which Defendants have the burden, was a statement to the effect of "Even assuming [the statute applied, some claims of Avid's are dismissed and others survive]."  (DE 98 at 17.)  It is generally accepted that beginning a sentence in a ruling with "even assuming" suggests no specific finding or holding is being made.

In addition, the language in the title and concluding sentence of the Order suggesting a grant of the Anti-SLAPP Motion is inconsistent with the body of the Order.  The Order never addresses whether (1) the speech at issue is protected activity under the Anti-SLAPP Statute, (2) the speech at issue in the defamation claim falls under the "commercial activity" exception to the Statute, (3) the "commercial activity" exception involves factual issues such that a Rule 56 standard would apply, or is a question of law such that its determination is based on a Rule 12(b)(6) standard so that any dismissal would be with leave to amend, (4) if a Rule 56 standard applied to the "commercial activity" exception, then whether Avid's Rule 56(d) Request had merit, (5) given that the Court concluded that Avid's breach of contract claim survived in substantial part, whether the Court could grant the Anti-SLAPP Motion with respect to one portion of the breach of contract claim, and (6) whether the Court granted the Anti-SLAPP Motion as to the declaratory relief claim.  Because the omission of these

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

issues is inconsistent with a grant of the Anti-SLAPP Motion, clarification and correction of a mistake pursuant to Federal Rule of Civil Procedure 60(a) is warranted.

Defendants argue that because the language suggesting a grant of the Anti-SLAPP Motion appears in the title and the concluding sentence of the Order, it is "highly improbable" that the Court made a mistake. (Opp., 6:27-7:2.) That assertion does not clarify the Order, however, because such language still is not reconcilable with a grant of the Anti-SLAPP Motion considering the Order only *assumed* the Anti-SLAPP statute applied and did not address the above-mentioned six issues.

Defendants also argue that the following language in the body of the Order supports the conclusion that the Anti-SLAPP Motion was granted: "The court does not separately address the arguments raised with respect to Defendants' anti-SLAPP Special Motion to Strike because the outcome would be the same as under the Rule 12(b)(6) analysis." (Opp., 12-16, citing Order, DE 98, 17:6-9.) Avid does not dispute that, other than the application of the Anti-SLAPP statute's protected activity prong and commercial activity exception, Infostream's legal arguments that were in both the Rule 12(b)(6) Motion and the Anti-SLAPP Motion were the same. Notwithstanding, there also were many legal and factual arguments in Avid's Opposition to the Anti-SLAPP Motion *that were not applicable to Defendants' Rule 12(b)(6) Motion*, which the Court did not address. Thus, it appears more likely that, when the Court made the above-cited statement, it suggested that for the overlapping arguments, it would not need to repeat its analysis. In fact, the Order acknowledged that the facts and arguments in both motions did not overlap completely, thereby suggesting that the Court declined to address all the arguments on the Anti-SLAPP Motion. (Order, DE 98, 17:19-20 ("Here, the facts and arguments at issue in the two motions overlap ***almost*** completely" (emphasis added).) This interpretation is consistent with the next sentence in the Order, which states that "[e]ven assuming" the Anti-SLAPP Motion applies, certain claims are dismissed and others survive. (*Id.*)

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

1   Significantly, as discussed below, Defendants concede that the Order did not
2   make an express finding of any of the above-mentioned six issues in its analysis of the
3   Anti-SLAPP Motion.  Defendants also do not dispute that those issues would be highly
4   relevant to the application of the Anti-SLAPP Statute.  Thus, the title and concluding
5   sentence in the Order, which suggest the Anti-SLAPP Motion was granted, are
6   inconsistent with the body of the Order.  Accordingly, Avid's Motion for Clarification
7   and request for relief are warranted under Federal Rule Civil Procedure 60(a), because
8   it appears the title and concluding sentence of the Order should be modified to reflect
9   the Anti-SLAPP Motion was not granted.

10  **IV.    THE TITLE AND BODY OF THE ORDER ARE AMBIGUOUS**

11  In Section II of its opposition, Defendants argue that the title and body of the
12  Order are unambiguous and therefore Avid's Motion should be denied.  Defendants
13  begin their argument by repeating what they urged in Section I of their opposition: that
14  the title and concluding sentence of the Order clearly state that the Anti-SLAPP
15  Motion is granted in part.  (Opp., 8:7-15.)  This argument misses the point.  The
16  ambiguity in the Order arises from the fact that the title and concluding sentence
17  suggest a grant of the Anti-SLAPP Motion, but the body of the Order only *assumes* the
18  threshold issue of application of the Anti-SLAPP Statute, and does not analyze,
19  conclude, or actually decide that the Anti-SLAPP Statute applies.  Defendants never
20  address this aspect of Avid's Motion for Clarification.

21  Defendants' citation to *Hilton v. Hallmark Cards*, 599 F.3d 894, 901-02 (9th
22  Cir. 2010), supports granting Avid's Motion for Clarification.  Specifically,
23  Defendants state that *Hilton* stands for the proposition that "[N]either the denial nor the
24  grant of an anti-SLAPP motion 'necessarily resolves,' a motion to dismiss regarding
25  the same claim."  Indeed, *Hilton* recognized, as the Court did here, that while some
26  issues on a motion to dismiss may overlap with issues on an Anti-SLAPP motion, they
27  do not overlap completely.  Thus, the grant of a motion to dismiss does not necessitate
28  the grant of an Anti-SLAPP motion:

1
2
3
4
5
6
7
8
9

> …an anti-SLAPP motion requires the court to ask, first, whether the suit arises from the defendant's protected conduct and, second, whether the plaintiff has shown a probability of success on the merits.  If the first question is answered in the negative, then the motion must fail, even if the plaintiff states no cognizable claim.  Of course, if a plaintiff stated no cognizable claim, then the defendant would be entitled to dismissal under Rule 12(b)(6).  Thus, a Rule 12(b)(6) motion to dismiss may succeed where an anti-SLAPP motion to strike would not.  *Id*. at 901-02.

10  The body of the Order appears to reflect only that the Court addressed the issues
11  particular to Defendants' Motion to Dismiss; accordingly, the title and concluding
12  sentence are inconsistent and clarification is warranted.

13  Defendants claim that the "plain language" of the Order addressed the issue of
14  "protected activity" and found the Anti-SLAPP Statute applicable when it stated as
15  follows:  "Even assuming that all of Avid's claims arise from Infostream's protected
16  activities, Avid has demonstrated a likelihood of prevailing on the contract claim, but
17  not on the defamation, claim for the reasons stated above."  (Opp., 9:2-21.)  The above
18  statement, however, suggests that the Court declined to make that holding when it used
19  the language "Even assuming…"  *See Taylor v. Director, Office of Workers*
20  *Compensation Program*, 201 F.3d 1234 (9th Cir. 2000) (Supreme Court opinion that
21  used the phrase "if we assumed" did not decide the specific issue that followed).  In
22  fact, *Hilton* -- relied upon by Defendants, states that "an assumption is not a holding,"
23  *Hilton* at 901, thus reinforcing that when the Order stated "[e]ven assuming" the Anti-
24  SLAPP Motion applies certain claims are dismissed and others survive, it did not hold
25  that claims were being dismissed pursuant to that Motion.

26
27
28

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

# V.  THE COURT DID NOT ADDRESS ALL MATERIAL ISSUES ON THE ANTI-SLAPP MOTION

In Section III of their opposition, Defendants seem to argue that because the Court addressed Defendants' Motion to Dismiss, it must have addressed all material issues on the Anti-SLAPP Motion.  Defendants base this assertion on the unsupportable notion that "…applicable law regarding the separate existence of a motion to strike from a motion to dismiss filed on the same claims negates any argument that the Motion to Strike was denied as moot." (Opp., 10:2-4.)  As explained above, *Hilton* explains that a grant of a motion to dismiss *does not* necessitate a grant of an anti-SLAPP motion.  Thus, that the Motion to Dismiss was granted here does not require a grant of the Motion to Strike.  *Hilton*, 599 F.3d at 901-02.

Defendants argue that because the Court acknowledged "that a prerequisite to applying the Anti-SLAPP Statute is finding that the plaintiff's suit arises from some 'protected activity'," the Court must have considered that the defamation claim arose from protected activity when it granted Defendants' Anti-SLAPP Motion.  (Opp., 10:15-28.)  This argument is tautological: Defendants merely imply the result they want in order to support their interpretation of the Order.  On the contrary, the Court never made a finding on the issue of protected activity; it only *assumed* it.

Defendants claim Avid should not be allowed to use the "commercial activity" exception to the Anti-SLAPP Statute because the Anti-SLAPP Motion was brought as a Rule 12(b)(6) motion.  They state that "there was absolutely no reason" and that "it would have been improper" for the Court to even consider Avid's commercial activity exception argument because it would have required the Court to look beyond the pleadings.  (Opp., 11:20-12:2.)  This extreme position should be rejected: it urges a rule of law where Defendants can eliminate the entire "commercial activity" exception of the Anti-SLAPP Statute simply by claiming their motion is akin to a Rule 12(b)(6) motion.  That is not how the law works.  The Anti-SLAPP Statute applies only where protected activity is at stake and only if the commercial activity exception does not

REPLY MEMORANDUM OF POINTS AND AUTHORITIES

apply.  Avid raised the arguments and the Court addressed neither; nor did the Court state whether it was applying a Rule 12(b)(6) or Rule 56 standard to the commercial activity exception.  Further, the Order actually cited to facts in the record (*see*, *e.g.*, Order, DE 98, 2: 11-24), thus creating an ambiguity with respect to which standard applied.  The Court also did not address whether Avid should be granted leave to amend.

Defendants also maintain that the Court properly did not address Avid's Rule 56(d) Request, because the Anti-SLAPP Motion was akin to a Rule 12(b)(6) Motion and thus the Rule 56(d) Request was moot.  (Opp., 12:10-19.)  There is no dispute that the Rule 56(d) Request sought discovery of facts relating to the "commercial activity" exception.  Thus, like Defendants' previous argument, this interpretation of the Order is contrary to Ninth Circuit law, because it assumes a rule where a defendant can self-style its Anti-SLAPP motion as a Rule 12(b)(6) and then deprive a plaintiff of its right to amend its complaint ***and*** to present evidence to address the "commercial activity" exception.  Because the Order did not grant Avid leave to amend to allege facts that would satisfy the "commercial activity" exception ***or*** address Avid's Rule 56(d) request, a reasonable interpretation of the Order is that the Anti-SLAPP Motion was not granted.  Significantly, *Rogers v. Home Shopping Network*, 57 F.Supp.2d 973 (C.D. Cal. 1999), relied upon by Defendants, supports this interpretation, because there the court stated that where an Anti-SLAPP motion is brought as a Rule 12(b)(6) motion, the complaint must be read liberally "and that a dismissal generally be with leave to amend."  *Id*. at 982.[1]

Defendants also claim that the Order dismissed the Declaratory Relief claim pursuant to the Anti-SLAPP Motion based on the Court's statement that all Rule 12(b)(6) arguments apply equally to the Anti-SLAPP Motion and that "the outcome would be the same as under the Rule 12(b)(6) analysis."  (Opp., 13:2-9.)  As explained

---

[1] *Rogers* also noted that where the Anti-SLAPP statute and well-settled Federal policy liberally granting the right to amend are in conflict, Federal policy governs.  *Id*. at n. 4.

above, however, there were arguments applicable to the Anti-SLAPP Motion that were not applicable to the Motion to Dismiss, including the issue of "protected activity." Further, because the Order did not address the Declaratory Relief claim in its analysis of the Anti-SLAPP Motion, or rule on the issue of "protected activity", it is likely the Anti-SLAPP Motion was not granted as to that claim.

## VI.   AVID'S REQUEST FOR CLARIFICATION SHOULD BE GRANTED

When addressing the Anti-SLAPP Statute, the Order only *assumed* that the Statute applied to Avid's claims.  Defendants do not, and cannot, reconcile that use of such language in an order conveys that a specific holding is not being made.  Nor can Defendants reconcile the fact that the Order simply does not address issues that the Court likely would have addressed if it were granting Defendants' Anti-SLAPP Motion.  For that reason, the title and concluding sentence of the Order ought to be clarified to reflect that the Anti-SLAPP Motion was not granted.

## VII.   AVID'S REQUEST FOR RELIEF UNDER RULE 60(b) IS PROPER

Defendants ignore entirely the fact that Avid is entitled to request relief under Rule 60(b), which allows the court to relieve a party on any just terms that justify the requested relief.  Such request is independent of a request for reconsideration pursuant to Local Rule 7-18.  *See Hinton v. Pacific Enterprises*, 5 F.3d 391 (9th Cir. 1993). Accordingly, to the extent the Court finds the relief requested justified, Rule 60(b) provides the mechanism for such grant.

## VIII.   AVID'S REQUEST FOR RECONSIDERATION IS PROPER

Defendants argue that Avid's motion is improper under Local Rule 7-18, because that rule prohibits the repeating of any argument previously made.  However, section (c) of that Rule states expressly that such motion may be made on the grounds of a showing of a failure to consider material facts presented to the Court before the decision.  If section (c) of the Rule has any meaning, a litigant must inform the Court of the facts that were previously submitted but not considered by the court; otherwise, there would be no way to bring a motion pursuant to section (c).  And, as Avid pointed

1   out in its moving papers, the Order did not consider the following: (1) whether the

2   breach of contract claim was dismissed pursuant to the Motion to Strike; (2) whether

3   Defendants met their burden of proving the speech at issue was "protected activity"

4   under the Anti-SLAPP Statute; (3) whether the "commercial activity" exception to the

5   Anti-SLAPP Statute applies; (4) whether a Rule 56 standard or a Rule 12(b)(6)

6   standard applied to the speech at issue in the defamation claim, and the corresponding

7   issues of whether Avid's presentation of facts in support of the exception were enough

8   or whether leave to amend should be granted; and, (5) whether Avid's Rule 56(d)

9   Request possesses merit.

10  **IX.   <u>CONCLUSION</u>**

11       In light of the foregoing, Avid respectfully requests that the Court grant its

12  Motion.

13

14                                K&L GATES LLP

15  Dated:  December 16, 2013          By: <u>/s/                              </u>

16                                     Seth A. Gold
                                       Christina N. Goodrich
17                                     Attorneys for Plaintiffs and Counter-
                                       Defendants Avid Life Media, Inc.,
18                                     Avid Dating Life, Inc. dba Ashley
                                       Madison, and Established Men, Inc.

19

20

21

22

23

24

25

26

27

28

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**